1  MICHAEL BAILEY
   United States Attorney
2  District of Arizona

3  MONICA B. KLAPPER
   Assistant U.S. Attorney
4  Arizona State Bar No. 013755
   Monica.Klapper@usdoj.gov
5
   Two Renaissance Square
6  40 North Central Avenue, Suite 1200
   Phoenix, Arizona 85004-4408
7  Telephone: (602) 514-7500
   Attorneys for Plaintiff
8
                    IN THE UNITED STATES DISTRICT COURT
9
                       FOR THE DISTRICT OF ARIZONA
10

11   United States of America,
                                          No. 20-08226MJ
12                    Plaintiff,

13          vs.                           **UNITED STATES' DETENTION
                                          MEMORANDUM**
14   Vu Anh Nguyen,

15                    Defendant.

16

17        The United States submits the following detention memorandum, requesting this

18  Court to detain Vu Nguyen, pursuant to 18 U.S.C. § 3142(e), unless and until release

19  conditions are in place that reasonably assure Nguyen does not continue to pose a risk of

20  economic danger to the community or pose a risk of flight. Those release conditions should

21  include, among others: (1) release to the custody of a designated, responsible third party

22  who is informed of Nguyen's pending federal criminal actions and agrees to assume

23  supervision of him, pursuant to § 3142(c)(1)(B)(i); (2) restrictions on employment,

24  including a prohibition on any e-commerce activity; and (3) restrictions on financial

25  transactions greater than $500, including transactions conducted by Nguyen in the name of

26  any other person or entity.

27        This Court may order pretrial detention when "no condition or combination of

28  conditions will reasonably assure the appearance of the person as required and the safety

of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Detention is appropriate when the United States demonstrates either flight risk or danger to the community; it is not necessary to prove both. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a flight risk must be supported by a preponderance of the evidence, and a finding that the defendant is a danger to the community must be supported by clear and convincing evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

In determining whether there are release conditions that will reasonably assure a defendant's appearance and safety of the community, § 3142(g) requires this Court to consider: 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger to any person or community that would be posed by the person's release. 18 U.S.C. § 1342(g). The weight to be afforded to each of these factors rests in this Court's discretion. *Motamedi,* 767 F.2d at 1405. An examination of the factors reveals a genuine risk that Nguyen will continue to engage in criminal activity and/or flee.

**A.     Investigations of Nguyen**

Starting in January of 2019, Vu Nguyen was under investigation by the FBI and the SEC for committing securities fraud and causing hundreds of thousands in losses to various financial institutions. As part of the fraud, Nguyen engaged in the unauthorized use of a variety of means of identification belonging to others, including his then-girlfriend and his mother. Nguyen also enlisted others to engage in the fraud. In response to a target letter, Nguyen obtained counsel and entered into guilty plea discussions with the United States in late 2019. During an in-person meeting with the USAO and the FBI in early 2020, Nguyen informed the prosecution team that he was working in the refund department for Amazon.

As a guilty plea to bank fraud was being finalized over the past few months, the FBI was contacted by Amazon and informed that Nguyen had embezzled nearly $100,000 from them between November 2019 and March 2020. As detailed in the affidavit supporting

1  the complaint, the embezzlement involved Nguyen using his employee access to grant
2  fraudulent refunds and concessions to himself and others.  Nguyen stopped showing up for
3  work at Amazon in March, 2020, after avoiding Amazon's requests to speak with him
4  about the losses.  Nguyen was engaging in the embezzlement from Amazon at the very
5  same time he was meeting in person with the United States and the FBI for plea
6  negotiations on the securities fraud case.  As part of the Amazon embezzlement, Nguyen
7  again used various means of identification belonging to others, without authorization.  And
8  he again involved others in his criminal activities.

9        When seeking to arrest Nguyen, the FBI first sought Nguyen at his parent's
10  residence, where he had resided for some time.  They were told by Nguyen's father that he
11  had been kicked out of the home 1–2 months prior, that they had a falling out, and that they
12  were not on speaking terms.  Nguyen's father and other family members (mother and two
13  younger brothers) had not been in contact with Nguyen since then and did not know where
14  he was living.  Nguyen's father also said he was suspicious of Nguyen's current e-
15  commerce business.  The FBI tracked down Nguyen at a second residence, located very
16  near to one of the residences used in the Amazon fraud.  The FBI was informed by a
17  Chandler PD Officer involved in the arrest that the home or the area had numerous
18  complaints of criminal activity involving stolen packages.

19  **B.     Relevant Factors**

20        Turning to the four factors in § 3142(g),  each statutory factor raises concerns here.
21  First, Nguyen faces serious charges, with some carrying mandatory imprisonment.  18
22  U.S.C. § 3142(g)(1).  He is currently charged with wire fraud, which carries a 20-year
23  maximum term of imprisonment, and aggravated identity theft, which carries a mandatory
24  2-year term of imprisonment.  He also faces similar charges on the earlier securities fraud
25  investigation.

26        Second, as to the weight of the evidence, the United States avows that the evidence
27  supporting the charges in both cases is very strong.  18 U.S.C. § 3142(g)(2).  The United
28  States can answer any further questions this Court may have on this point.

1    Third, Nguyen's history, characteristics, and circumstances all raise red flags.  He

2 does not have verifiable, legitimate employment; he is not residing at his family's home;

3 he claims to have a wife when neither his family nor court records in Maricopa County

4 support that such a marriage exists; and he is suspected by his father of currently engaging

5 in wrong-doing with an e-commerce business.  It is unlikely that his parents or his

6 significant other know the fact, extent, or seriousness of his criminal activity.  Moreover,

7 the Pretrial Services Report contains inconsistencies as to Nguyen's residence and

8 employment, reported by Nguyen or his father.

9    Finally, as to the overall seriousness of the danger posed, Nguyen is only 25 years

10 old and has been engaged in serious fraudulent activity for several years already.  He's

11 appropriated the means of identification of others to commit the frauds, he's enlisted others

12 to participate in the frauds, and he's caused many hundreds of thousands of dollars of

13 losses.  He adeptly deceived his attorney and the prosecution team during an in-person

14 meeting earlier this year – attempting to favorably resolve one serious federal crime while

15 at that very same time committing a second serious federal crime.  He poses an articulable

16 risk of committing more criminal activity, and he certainly has an incentive to flee.

17    Accordingly, the United States requests this Court to detain Nguyen unless there are

18 sufficient conditions imposed to assure that he will comply with this Court's orders to

19 appear and refrain from inflicting additional economic harm.

20    Respectfully submitted this 5th day of October, 2020.

21
                                                    MICHAEL BAILEY
22                                                  United States Attorney
                                                    District of Arizona
23
                                                     *s/Monica B. Klapper*
24                                                  MONICA B. KLAPPER
                                                    Assistant U.S. Attorney
25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 5, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrant, who may or may not be a registered participant of the CM/ECF System:

Mark Berardoni,
*Attorney for defendant*

*s/Marjorie Dieckman*
U.S. Attorney's Office